```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DXC TECHNOLOGY COMPANY,                                       :
                                                              :
                              Petitioner,                     :
                                                              :
              -against-                                       :
                                                              :
HEWLETT PACKARD ENTERPRISE                                    :
COMPANY,                                                      :
                                                              :
                              Respondent.                     :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/2019

19-CV-7954 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

On August 26, 2019, Petitioner obtained from Part I a temporary order directing that Petitioner's pleadings and related documents be filed under seal pending the undersigned's determination whether sealing all filings in this matter, as the parties request, is appropriate. *See* Dkts. 1, 5. On August 29, 2019, the Court ordered Petitioner to show cause why the sealed documents should not be unsealed because they are judicial documents subject to the common-law and First Amendment presumptions of access. *See* Dkt. 4. On September 6, 2019, the parties filed a sealed, joint letter responding to the Court's order, along with another joint letter—also sealed—requesting that the first letter be filed under seal. Because the parties' justifications for sealing all filings in this matter are inadequate, their request to do so is denied, and the Court orders that all documents currently filed under seal be unsealed and publicly docketed.[1]

Beginning with the first step of the analysis laid out in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), it is plain as day that Petitioner's petition to

---

[1] Petitioner's initial sealing application did not specify whether it seeks to place this Court's orders under seal, but the Court presumes from its citation to *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818 (2d Cir. 1997), that the application does not go that far. To the extent it does, the request is rejected as wholly disproportionate to the commercial privacy interests that the parties assert.

confirm an arbitration award and the memorandum of law, attorney declaration, and exhibits that are appended to the petition are judicial documents subject to the First Amendment and common-law presumptions of access.  *See, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("We first consider whether a complaint is a judicial document subject to a presumption of access and easily conclude that a complaint is such a document.").  Those documents "initiate[d] judicial proceedings, [are] the cornerstone of [the] case, the very architecture of the lawsuit, and access to" them is undoubtedly "necessary if the public is to understand [this] court's decision" on the petition.  *Id.* (internal quotation marks omitted).

The weight of that presumption is, moreover, at its "zenith" under both the First Amendment and the common-law frameworks.  *Bernstein*, 814 F.3d at 141-43.  The petition and the materials that Petitioner has appended to it are "among the most likely to affect judicial proceedings."  *Id.* at 142.  Through those documents, Petitioner has "invoke[d] the powers of the court, state[d] the causes of action, and pray[ed] for relief."  *Id.*  Those documents are, in short, essential building blocks of whatever decision this Court may issue in this proceeding.[2]

Turning to the final step of the *Lugosch* analysis, the parties have failed to show that sealing all of the filings in this case "is essential to preserve higher values and is narrowly tailored to serve that interest."  *Bernstein*, 814 F.3d at 144-45 (internal quotation marks omitted).  First, although the Court gives *some* consideration to the "bargained-for confidentiality

---

[2]   Contrary to the parties' assertion, the fact that Respondent "does not intend to oppose confirmation of the award and thus the issue will not be litigated before this Court" is irrelevant to the weight of the presumption of access.  *Cf. Bernstein*, 814 F.3d at 140 ("[T]he fact of filing a complaint . . . is a significant matter of record.  Even in the settlement context, the inspection of pleadings allows the public to discern the prevalence of certain types of cases, the nature of the parties to particular kinds of actions, information about the settlement rates in different areas of law, and the types of materials that are likely to be sealed. . . . Thus, pleadings are considered judicial records even when the case is pending before judgment or resolved by settlement." (internal quotation marks, citations, and alterations omitted)).

negotiated by the parties and respected by them" since the underlying arbitral proceedings began, their commercial privacy interests cannot possibly justify extinguishing wholesale the public's First Amendment interest in "understand[ing] the activity of the federal courts," *Bernstein*, 814 F.3d at 141—an interest, the Court notes, that Petitioner has affirmatively invoked by electing to file its petition in the first place.  Second, a refusal to seal all filings in cases like this one will not, as the parties contend, "provide a significant disincentive for parties to choose arbitration rather than litigation to resolve their private commercial disputes."  Such a refusal may disincentivize the filing of petitions to confirm or vacate arbitration awards, but if the commercial privacy interests of a corporation are as compelling as the parties' purportedly are, the Court is confident that the corporation will pursue private arbitration rather than public litigation in the first instance every day of the week.  Third, the Court cannot accept the parties' assertion that "[t]here is little or no public interest in the details of th[is] arbitration."  Both parties are, after all, multinational, publicly traded technology companies, and the nature of the arbitral award in this case was apparently of sufficient regulatory interest that the parties were required by law to report its amount to the Securities and Exchange Commission.  Fourth, the Court cannot infer very much from the parties' observation that "[n]o third parties have intervened" in this case.  That is (a) typical and (b) logical given that the parties' dispute has, up until now, proceeded in total secrecy.  Furthermore, the *Lugosch* framework is in part designed to vindicate the First Amendment and common-law presumptions of access without requiring members of the public to intervene—a procedure that is costly and, for a layperson, arcane.  Finally, the Court must reject the parties' repeated characterization of this proceeding as "merely" one to confirm an arbitration award.  A "claim has been leveled," "state power has been invoked," and "public resources [have been] spent" because Petitioner elected to file the

petition and the documents appended to it. *Bernstein*, 814 F.3d at 141. That voluntary act has triggered a profound presumption of public access that cannot easily be overcome.

## CONCLUSION

For these reasons, the Court orders that all sealed filings in this case be unsealed and filed publicly. The Court also denies the parties' request that all further filings in this case be sealed. This ruling is without prejudice to further applications to file under seal or with redactions specific documents on a case-by-case basis, but such requests must comply with Rule 5(A) of the undersigned's Individual Practices in Civil Cases.

No later than **September 20, 2019**, the parties must either (1) publicly file on ECF all documents that they have filed under seal in this matter, including (a) those documents listed on pages one and two of Petitioner's August 26, 2019 application for a sealing order, and (b) the two letters the parties submitted to the Court under seal on September 6, 2019, or (2) publicly file on ECF a narrowly tailored, robustly justified application to file particular documents under seal or with redactions consistent with Rule 5(A) of the undersigned's Individual Practices in Civil Cases. If the parties pursue the latter option, they must publicly file on ECF (a) any motion papers, exhibits, or other documents which they do not seek to have sealed or redacted and (b) in redacted form, any motion papers, exhibits, or other documents that they seek to have redacted.

**SO ORDERED.**

**Date: September 11, 2019**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**　　　　New York, New York**　　　　　　　　　　　　　　　　　　　　　　　　　　　VALERIE CAPRONI
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge