UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DXC TECHNOLOGY COMPANY,<br><br>               Petitioner,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>               Respondent | 19-cv-7954 (VEC) |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................1

ARGUMENT ..................................................................................................................................4

I.      THE ARBITRATION AWARD SHOULD BE CONFIRMED ..........................................4

CONCLUSION ...............................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*D.H. Blair & Co. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006) .................................................................................................... 4, 5

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
  552 U.S. 576 (2008) ................................................................................................................. 5

*Landau v. Eisenberg*,
  922 F.3d 495 (2d Cir. 2019) ..................................................................................................... 4

*Tube City IMS, LLC v. Anza Capital Partners, LLC*,
  25 F. Supp. 3d 486 (S.D.N.Y. 2014) ........................................................................................ 4

**Statutes**

9 U.S.C. §§ 1-16 ............................................................................................................................ 1

9 U.S.C. § 10 .................................................................................................................................. 5

9 U.S.C. § 11 .................................................................................................................................. 5

Petitioner DXC Technology Company ("DXC") submits this Memorandum of Law in support of its Petition to Confirm an Arbitration Award (the "Petition") against Respondent Hewlett Packard Enterprise Company ("HPE," and collectively with DXC, the "Parties").

## PRELIMINARY STATEMENT

After more than a year of arbitration proceedings (the "Arbitration") involving tens of thousands of documents, 25 fact and expert depositions, 14 expert reports, significant third-party discovery, hundreds of hearing exhibits, over 20 testifying witnesses, and 11 days of evidentiary hearings, a panel of three leading arbitrators—Hon. Faith Hochberg, Hon. Barbara Jones, and Ms. Edna Sussman (the "Panel")—issued a final award (the "Award").[1] All requirements under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") for confirmation of the Award have been met. Thus, in accordance with the strong federal policy favoring arbitration as a speedy and efficient means of resolving disputes, the Court should promptly confirm the Award.

## STATEMENT OF FACTS

The Arbitration arose out of a spinoff/merger transaction that resulted in the formation that DXC: In 2017, HPE spunoff its enterprise services business ("ES"). ES then merged with Computer Sciences Corporation ("CSC") to form a new company, DXC. (Petition ¶ 7.)

The spinoff of ES is governed by the Separation and Distribution Agreement between DXC and HPE dated May 24, 2016, as amended (the "SDA"). (*Id.* ¶ 8.) The SDA allocates liabilities between HPE and DXC to ensure that, in the spinoff, HPE allocated only the agreed liabilities to ES/DXC. (*Id.*) Under the SDA, liabilities to remain with HPE are "Excluded Liabilities." (*Id.*) The SDA requires HPE to indemnify DXC for all Excluded Liabilities. (*Id.*)

---

[1] A true and correct copy of the Award is attached as Exhibit 1 to the Declaration of Adam B. Shamah in Support of DXC's Petition to Confirm Arbitration Award (the "Shamah Declaration").

1

The Excluded Liabilities for which HPE agreed to be responsible include all long-term capital lease obligations above a $250 million "cap" set forth in the SDA. (*Id.* ¶ 9.) HPE agreed that these capital lease liabilities would be Excluded Liabilities because in May 2016—just days before HPE and CSC announced the transaction—CSC discovered that ES had over a billion dollars of capital lease liabilities that HPE had failed to disclose. (*Id.* ¶ 10.) These undisclosed liabilities put the transaction in jeopardy. (*Id.*) The economic terms of the deal—including the debt that would transfer from HPE to DXC—did not include the assumption by DXC of HPE debt in the form of capital lease liabilities. (*Id.*) Thus, HPE agreed to cap the capital lease liabilities that would transfer to DXC at $250 million and that capital lease liabilities above the $250 million cap would be Excluded Liabilities for which HPE agreed to indemnify DXC. (*Id.* ¶ 11.) HPE also proposed and agreed to modify ES's capital leases so that they would qualify as operating leases under U.S. generally accepted accounting principles ("GAAP"). (*Id.*)

After signing the SDA in May 2016, HPE amended thousands of ES's capital leases in an attempt to convert them into operating leases. (*Id.* ¶ 12.) Before and after closing in March 2017, CSC/DXC sought information from HPE about its lease conversion methodology. (*Id.*) But HPE shared very little information—and much of what it shared turned out to be false. (*Id.*)

In October 2017, after extensive consultations with its advisors, DXC determined that HPE failed successfully to convert the leases to operating leases under GAAP. (*Id.* ¶ 13.) In quarterly financial statements filed on November 8, 2017, DXC presented the leases as capital leases. As a result of the failed conversions, DXC determined that it inherited from HPE roughly $1 billion in long-term capital lease liabilities in excess of the SDA's cap. (*Id.*)

On November 8, 2017, DXC delivered to HPE a notice demanding indemnification for the long-term capitalized lease obligations above the SDA's $250 million cap, pursuant to the

2

SDA's mandatory and "exclusive" dispute resolution procedures. (*Id.* ¶¶ 14-15.)[2] Section 8.4(a) of the SDA provides that any dispute not resolved by executive negotiation and mediation "shall, at the written request of any Party . . . be submitted to binding arbitration." (*Id.* ¶ 15.) After executive negotiation and mediation failed to resolve the dispute, on March 27, 2018, DXC filed and served a Notice and Demand for Arbitration. (*Id.* ¶ 18.) Pursuant to the SDA, the Arbitration was conducted under the Administered Arbitration Rules of the International Institute for Conflict Prevention & Resolution ("CPR"). The Parties also agreed that the Federal Rules of Civil Procedure and Federal Rules of Evidence would apply in the Arbitration. (*Id.* ¶ 22.)

The Parties selected a Panel of three distinguished arbitrators to resolve this dispute, including two former federal judges and one of the nation's leading professional arbitrators: Hon. Faith S. Hochberg, Hon. Barbara S. Jones, and Ms. Edna Sussman. (*Id.* ¶¶ 17, 20.)

The Parties then engaged in extensive discovery. The Parties produced tens of thousands of documents and 14 expert reports, and took or defended 25 depositions. (*Id.* ¶ 22.) The Parties also obtained third-party discovery from four accounting and valuation firms. (*Id.*) After discovery, there was motion practice and pre-hearing briefing. (*Id.* ¶¶ 24-25).

The final hearing was held in New York, New York on February 4-16, 2019. (*Id.* ¶ 26.) At the hearing, the Panel heard opening statements and testimony from 17 fact witnesses and five experts, and admitted hundreds of exhibits to evidence. (*Id.*) After the hearing, the Parties filed post-hearing briefs, and on May 10, 2019, the Panel heard closing arguments. (*Id.*)

On August 15, 2019, the Panel issued a unanimous 86-page Award. (*Id.* ¶ 27.) After analyzing relevant GAAP and extensive testimony from accounting and valuation experts for both Parties (among other evidence), the Panel found that the key components of HPE's lease

---

[2]   A true and correct copy of the SDA is attached as Exhibit 2 to the Shamah Declaration.

conversion methodology violated GAAP and that nearly all disputed leases were capital leases. (*Id.*) As a result, the Panel found that HPE transferred $881,810,651 in long-term capital lease obligations to DXC as of the relevant measurement date pressed by HPE. (*Id.*) After subtracting the SDA's $250 million cap, the Panel found that those long-term capital lease obligations represent $631,810,651 in Excluded Liabilities. (*Id.*) Based on documents and testimony at the hearing, the Panel found that the SDA required HPE to indemnify DXC dollar-for-dollar for those Excluded Liabilities in one lump-sum payment on the date of DXC's indemnification demand, November 8, 2017. (*Id.*) By refusing to do so, the Panel found, HPE breached the SDA. (*Id.*) The Panel rejected HPE's defenses and awarded DXC $631,810,651, plus pre-award interest of $34,266,584 and post-award interest at 3% per year compounding quarterly under Section 7.6 of the SDA, which makes this pre- and post-award interest mandatory. (*Id.*)

Section 8.4(a)(v) of the SDA provides that "[j]udgment upon [the Award] may be entered in any court having jurisdiction." (*Id.* ¶ 29.) DXC brings this action to confirm the Award.

## ARGUMENT

### I. THE ARBITRATION AWARD SHOULD BE CONFIRMED

"The FAA creates a 'strong presumption in favor of enforcing arbitration awards' and courts have an 'extremely limited' role in reviewing such awards." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019). Thus, the "FAA provides a 'streamlined' process" for confirming arbitration awards. *Tube City IMS, LLC v. Anza Capital Partners, LLC*, 25 F. Supp. 3d 486, 488 (S.D.N.Y. 2014) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). Generally, this process consists of "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotation marks omitted). Under Section 9 of the FAA, the court "must

grant [an order confirming] the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.*, 462 F.3d at 110; *see also* 9 U.S.C. § 9 ("[A]ny party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10-11.]"); *Hall*, 552 U.S. at 587 ("On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified or corrected. . . . There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

The Award meets all of the FAA's requirements and should be confirmed. DXC and HPE are Fortune 500 companies that chose to resolve this dispute through arbitration. (Petition ¶ 14.) Represented by some of the world's leading litigation firms, the Parties engaged in arbitration proceedings for more than a year. (*Id.* ¶ 1.) The proceedings included wide-ranging discovery, including voluminous written discovery, third-party discovery, fact depositions, expert reports, and expert depositions. (*Id.* ¶ 22-23.) Over the course of an 11-day hearing, the Panel heard testimony from more than 20 fact and expert witnesses and admitted hundreds of exhibits into evidence. (*Id.* ¶ 26.) The Panel later received more than 150 pages of post-hearing briefs. (*Id.*) After considering the law and evidence, the Panel issued the Award—an 86-page unanimous decision by three leading arbitrators resolving DXC's claims and HPE's defenses. (*Id.* ¶ 27.) The Award is final and binding (both by its own terms (*see id.* ¶ 28), and under the SDA (*see id.* ¶¶ 17, 29)), and there are no grounds for vacature, modification, or correction. Accordingly, DXC respectfully requests that the Court promptly confirm the Award.

## CONCLUSION

The Court should grant DXC's Petition and enter judgment confirming the Award.

Dated: August 26, 2019
New York, New York

        Respectfully submitted,

        LATHAM & WATKINS LLP

        */s/ Jamie Wine*

        Jamie L. Wine
        Douglas K. Yatter
        Kuan Huang
        Adam B. Shamah
        LATHAM & WATKINS LLP
        885 Third Avenue
        New York, New York 10022
        jamie.wine@lw.com
        douglas.yatter@lw.com
        kuan.huang@lw.com
        adam.shamah@lw.com

        Abid R. Qureshi (*pro hac vice* forthcoming)
        LATHAM & WATKINS LLP
        555 Eleventh Street, NW, Suite 1000
        Washington, D.C. 20004-1304
        abid.qureshi@lw.com

        Hilary H. Mattis (*pro hac vice* forthcoming)
        LATHAM & WATKINS LLP
        140 Scott Drive
        Menlo Park, CA 94025
        hilary.mattis@lw.com

        *Attorneys for Petitioner*
        *DXC Technology Company*